## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| TROY JARRELL, JR. and ) | |
| KIMBERLY JARRELL, ) | |
| ) | 2:21-cv-00037 |
| **Plaintiffs,** ) | Case No. _____ |
| v. ) | |
| ) | |
| BARNETT OUTDOORS, LLC, a ) | |
| Florida Corporation, a/k/a BARNETT ) | |
| CROSSBOWS, ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S NOTICE OF REMOVAL

NOW COMES, Defendant, BARNETT OUTDOORS, LLC, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully requests the above-captioned matter be removed from the Circuit Court of Mingo County, West Virginia, where it has been assigned docket number 19-C-158, to the United States District Court for the Southern District of West Virginia. In support of this Notice of Removal, Defendant states as follows:

### I. INTRODUCTION

1.  Plaintiffs commenced this action on October 29, 2019 in the Circuit Court of Mingo County, West Virginia styled TROY JARRELL, JR., and KIMBERLY JARRELL v. BARNETT OUTDOORS, LLC, a Florida corporation, a/k/a BARNETT OUTDOORS, INC., and BARNETT CROSSBOWS, PLANO SYNERGY HOLDING INC., a Delaware Corporation, and MOUNTAIN HERITAGE OUTDOORS, INC., a/k/a MOUNTAIN HERITAGE OUTDOORS & TAXIDERMY and PINE MOUNTAIN ARCHERY. The action was assigned civil action docket number 19-C-158.

2. This lawsuit is a civil action within the meaning of 28 U.S.C. §§1441(a) and 1446(b).

3. In their Complaint, Plaintiffs plead claims of negligence, strict liability, breach of warranty, violation of the West Virginia Consumer Credit and Protection Act, and product liability.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant Barnett Outdoors, LLC are attached hereto as **Exhibits A, C-I, L-N and P**.

5. A true and correct copy of the docket sheet maintained by the Circuit Court of Mingo County, West Virginia is also attached hereto as **Exhibit B**.

## II. VENUE

6. The United States District Court for the Southern District of West Virginia, Charleston Division is the federal judicial district embracing Mingo County, West Virginia. Therefore, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

## III. PROCEDURAL HISTORY

7. Plaintiffs commenced this action on October 29, 2019 by filing their complaint with the Circuit Court of Mingo County, West Virginia.

8. Plaintiffs did not serve Defendant Barnett Outdoors, LLC with process, however, until January 21, 2020.[1]  (Ex. A).

9. Defendant Barnett Outdoors, LLC could not remove the case as stated in the Complaint under 28 U.S.C. § 1332 because although it and Defendant Plano Synergy Holding

---

[1] Similarly, Plaintiffs did not serve Defendant Mountain Heritage Outdoors, Inc. until January 10, 2020. (*See* a copy of the notice of service of process made upon Defendant Mountain Heritage Outdoors, Inc. attached hereto as **Exhibit C**).

Inc.[2] are diverse from Plaintiffs, Defendant Mountain Heritage Outdoors, Inc. and Plaintiffs are both citizens of West Virginia, destroying complete diversity. (Ex. A at Complaint, ¶¶11-13).

10. On February 3, 2020, Defendant Mountain Heritage Outdoors, Inc. timely filed a Motion to Dismiss for Failure to State a Claim (the "Motion") asserting that Plaintiffs' claims against it should be dismissed based on West Virginia's Innocent Seller Statute, West Virginia Code §55-7-31(b). Protracted motion practice and discovery ensued centered solely on this issue.

11. A hearing on the Motion was originally set for April 30, 2020. (*See* February 26, 2020 Order, attached hereto as **Exhibit E**).

12. As a result of the COVID-19 pandemic, the West Virginia Supreme Court of Appeals declared a judicial emergency, which included the Circuit Court of Mingo County, West Virginia. The Court continued the hearing on the Motion to May 26, 2020. (*See* April 16, 2020 Order, attached hereto as **Exhibit F**).

13. Yet, days before May 26, 2020, the hearing was moved again when the office of Plaintiffs' counsel contacted the court requesting a continuance due to a death in Plaintiffs' counsel's family. The court then reset the hearing for July 7, 2020.

14. Plaintiffs apparently did not have notice of the July 7, 2020 hearing that the court unilaterally set at Plaintiffs' request, and failed to file a response to the Motion prior to the hearing.

15. Consequently, the hearing was reset for the final time for July 14, 2020. (*See* 07/02/20 Amended Notice of Hearing attached hereto as **Exhibit G**).

16. Plaintiffs' counsel filed their appearance and response to the Motion on July 10, 2020. (*See* 07/10/20 Plaintiffs' Response to Motion to Dismiss attached hereto as **Exhibit H**).

---

[2] Defendant Plano Synergy Holding Inc., served January 17, 2020, was subsequently dismissed from the case pursuant to a joint stipulation by the parties on February 18, 2020. (*See* 02/18/20 Joint Stipulation and Agreed Dismissal Order attached hereto as **Exhibit D**).

17. At the July 14, 2020 hearing, the court agreed to hold the Motion in abeyance at Plaintiffs' behest and allow them 60 days to conduct limited discovery in order to unearth evidence establishing an exception—actual knowledge of the alleged defect by the otherwise innocent retail seller—to the operation of West Virginia's Innocent Seller Statute and avoid dismissal. (*See* 07/14/20 Order attached hereto as **Exhibit I**).

18. Though Plaintiffs' counsel requested more time for the limited discovery, the court stood by the 60-day period after Defendants' counsel explained the particular importance of an expedient resolution of the Motion: if the court granted the Motion and dismissed Defendant Mountain Heritage Outdoors, Inc., the case would become removable and the one-year deadline for removal under 28 U.S.C. § 1446(c)(1) was fast-approaching.

19. Accordingly, the Court set the Motion for hearing on October 8, 2020, which would leave Defendant Barnett Outdoors, LLC over two weeks to file a notice of removal. (*See* 07/14/20 Order attached hereto as **Exhibit I**).

20. Thereafter, the parties engaged in and completed the limited discovery pertaining to whether Mountain Heritage Outdoors, Inc. had actual knowledge of the alleged defect in the subject product, and also submitted supplemental briefing on the issue.

21. On the morning of October 8, 2020, the court struck the hearing scheduled for that afternoon and advised the parties that it had reviewed the briefs and was prepared and intended to publish a ruling within "approximately 10 days." (*See* 10/08/2020 email attached hereto as **Exhibit J**).

22. Citing additional delays associated with the COVID-19 pandemic and court backlog, however, the court did not issue a ruling within the anticipated timeline of approximately

10 days, or within the one-year deadline of October 29, 2020. (*See* 11/23/2020 email attached hereto as **Exhibit K**).

23. Ultimately, on January 7, 2021, the court granted the Motion and dismissed Defendant Mountain Heritage Outdoors, Inc. (*See* 01/07/21 Order attached hereto as **Exhibit L**). The court entered this order as final and appealable. (*See id.* at "Conclusions of Law," ¶10; *see also Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 290 (4th Cir. 2018) (exercising appellate jurisdiction over appeal of ruling on motion to dismiss and holding, A final decision "is one that ends the litigation ... and leaves nothing for the court to do but execute judgment.")) (citations and quotations omitted).

24. With Defendant Mountain Heritage Outdoors, Inc. now dismissed from this case, removal based on diversity is proper.

## IV. TIMELINESS OF REMOVAL

25. Under 28 U.S.C. § 1446(b)(1) a notice of removal is generally timely when filed within 30 days after service of a complaint. If the case stated by the initial complaint is not removable, however, a notice of removal may be filed within 30 days after receipt by the defendant of a document from which it may first be ascertained that the case has become removable. 28 U.S.C. § 1446(b)(3).

26. 28 U.S.C. § 1446(c)(1) provides that a case may not be removed under subsection (b)(3) on the basis of complete diversity more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.
5

27. Removal of this case should be allowed based on complete diversity notwithstanding 28 U.S.C. § 1446(c)(1) on grounds of either Plaintiffs' bad faith or equitable tolling.

*Bad Faith*

28. The one-year deadline for removal based on complete diversity contained in 28 U.S.C. § 1446(c)(1) does not apply if the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

29. Removal of this case is appropriate because Plaintiffs have indeed acted in bad faith to prevent removal of this case.

30. At the outset, Plaintiffs waited nearly three months before serving Defendant Barnett Outdoors, LLC with their Complaint.

31. The length of this delay would ultimately make the crucial difference between Defendant Barnett Outdoors, LLC filing this Notice of Removal within the one-year deadline of Section 1446(c)(1): Plaintiffs served Defendant Barnett Outdoors, LLC 84 days after filing their Complaint whereas the State court granted the Motion and dismissed Defendant Mountain Heritage Outdoors, Inc. 70 days after the one-year deadline lapsed.

32. Indeed, to date, one year has not passed since Plaintiffs served Defendant Barnett Outdoors, LLC with their complaint on January 21, 2020.

33. Moreover, Plaintiffs engaged in bad faith with respect to litigation of the Motion.

34. At the July 14, 2020 hearing,[3] despite being explicitly apprised of the approaching removal deadline, Plaintiffs attempted to prolong the limited discovery beyond the one-year period.

---

[3] Defendant Barnett Outdoors, LLC of course does not attribute Plaintiffs' counsel's requesting a continuance of the May 26, 2020 hearing date due to a death in the family to any ill-motive, and certainly empathizes with this unfortunate

35. On July 22, 2020, Plaintiffs served Defendant Mountain Heritage Outdoors, Inc. with twenty-nine requests for documents far exceeding the scope of information relevant to the narrow issue of whether Mountain Heritage Outdoors, Inc. had actual knowledge of the specific defect alleged in the complaint. (*See* Plaintiffs' Notice of Rule 30(b)(7) Deposition and Requests for Production attached hereto as **Exhibit M**).

36. Plaintiffs' counsel then took depositions of two employees, Brian Mabe and Chad Scyphers, of Mountain Heritage Outdoors, Inc. on September 2, 2020. Based on their unequivocal testimony it was apparent that Defendant Mountain Heritage Outdoors, Inc. had no actual knowledge of a defect in the subject product. As a result, Plaintiffs could not avoid the applicability of West Virginia's Innocent Seller statute.

37. Instead of conceding the issue, on October 1, 2020, Plaintiffs filed a supplemental response brief disingenuously arguing that Defendant Mountain Heritage Outdoors, Inc. knew of the alleged defect, despite testimony from its employees that they had never heard of or read about anyone claiming that a Barnett crossbow was defective in any way. (*See* Plaintiff's supplemental response brief attached hereto as **Exhibit N**, at pp. 3-10). Plaintiffs made no showing of actual knowledge of a defect, as required by West Virginia's Innocent Seller Statute.

38. Plaintiffs' counsel included in its supplemental response brief nearly seven pages of argument contending that removal would be improper. (*Id.* at pp. 10-17). Defendant Mountain Heritage Outdoors, Inc. had moved for dismissal, not removal. The State court does not have jurisdiction to decide the removal issue in any event. *See* 28 U.S.C. § 1446(d); *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249–50 (4th Cir. 2013) ("Because § 1446(d) explicitly states

---

situation. Nonetheless, this rescheduling (undoubtedly coupled with court backlog issues relating to COVID-19) delayed hearing on the Motion for at least six weeks. With all due respect, this accommodation for Plaintiffs' counsel, albeit perfectly understandable and justified, should not work to prejudice Defendant Barnett Outdoors, LLC through no fault of its own.

that 'the State court shall proceed no further' once removal is effected, 28 U.S.C. § 1446(d), we agree with the Defendants that the statute deprives the state court of further jurisdiction over the removed case and that any post-removal actions taken by the state court in the removed case action are *void ab initio*").

39. In all, Plaintiffs' supplemental response to the Motion was a transparent attempt to muddy the issues, delay a ruling, and explicitly aimed to prevent removal of the case to this Court.

40. On October 5, 2020, more than a month after the depositions took place and three days before hearing on the Motion, Plaintiffs' counsel baselessly threatened defense counsel with sanctions and demanded supplemental depositions of both Defendant Mountain Heritage Outdoors, Inc. employees, Brian Mabe and Chad Scyphers. (See 10/05/2020 correspondence attached hereto as **Exhibit O**).

41. Yet, Plaintiffs took no related action until filing a response to Barnett's reply brief arguing that a second deposition of Mr. Mabe (and not Mr. Scyphers)[4] was warranted. (See Mountain Heritage Outdoors, Inc.'s Reply Brief in Support of its Motion to Dismiss as **Exhibit P**; see also, Plaintiffs' response to Defendant Mountain Heritage Outdoors, Inc.'s reply brief, attached hereto as **Exhibit Q**).

42. Plaintiffs did not raise the alleged need for a second deposition of Mr. Mabe until October 16, 2020—44 days after the deposition of Mr. Mabe, 15 days after filing their supplemental response brief, 8 days after the court indicated it would rule on the Motion within 10 days, and 13 days prior to the close of the one-year deadline for removal based on diversity. The timing of Plaintiffs' claim demonstrates that it was nothing more than a ruse interposed to delay.

---

[4] Tellingly, Plaintiffs never requested that the court order a second deposition of Mr. Scyphers, indicating knowledge that their threats and demands related to his deposition were groundless from the outset.

43. Of course, the claims themselves lacked merit and, as such, the court never granted Plaintiffs a second opportunity to depose Mr. Mabe.

44. Accordingly, in light of the aforementioned superficial attempts to prevent removal of this case, which undoubtedly attributed to the delay in adjudication of the Motion, Plaintiffs' bad faith is apparent and removal is warranted under Section 1446(c)(1).

*Equitable Tolling*

45. Alternatively, this Court should equitably toll the one-year deadline in Section 1446(c)(1) to allow removal under the unique facts of this case.

46. Whether courts can use equitable tolling to extend the one year deadline for removal on the basis of complete diversity under 28 U.S.C. § 1446(c)(1) is an open question in the Fourth Circuit as district courts have split on the issue. *Rauch v. Rauch*, 446 F. Supp. 2d 432, 436 (D.S.C. 2006).

47. While no district courts within this Circuit have applied equitable tolling to 28 U.S.C. § 1446(c)(1), no such case is factually or procedurally similar to the present circumstances. Moreover, there is precedent in this Circuit for extending the one-year deadline upon a showing of good cause.

48. In *Rauch*, the district court explained that "the legislative history of the statute reveals that the specific purpose of [28 U.S.C. § 1446(c)(1)] is to disallow removal after significant action in state court." 446 F. Supp. 2d 432, 435–36 (D.S.C. 2006) (citations omitted). Because there substantial progress had not been made in the State court, the *Rauch* court found that "the central purpose of the one-year limitation would not be violated by recognizing an equitable exception in this instance," and ultimately estopped the plaintiff from raising the one-year limitation to defeat removal. *Id.*; *see also Pair v. Welco-CGI Gas Techonologies*, 2010 WL

4279409, at *3–4 (E.D. Va. Oct. 19, 2010) (rejecting the idea of a "nonresident defendant [being] totally deprived of its historical right to removal, although no substantial progress in state court had been made.") quoting *Sheppard v. Wire Rope Corp.*, 777 F. Supp. 1285, 1288 (E.D. Va. 1991).

49. Likewise, this Court has acknowledged the legislative history behind Section 1446, which provides that the one year limit on removal is a "modest curtailment in access to diversity jurisdiction" meant to "reduc[e] the opportunity for removal after substantial progress has been made in state court." *Price v. Messer*, 872 F. Supp. 317, 319–20 (S.D.W. Va. 1995) citing House Committee on Judiciary, Judicial Improvements and Access to Justice Act, House Report No. 100–889, 100th Cong.2d Session (to accompany H.R. 4807), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032.[5]

50. As in *Rauch*, here, essentially no substantial progress has occurred in the State court. Discovery to this point has focused exclusively on Defendant Mountain Heritage Outdoors, LLC and whether it had actual knowledge of the alleged defect, which also represents the only legal issue that has been resolved in this case. The litigation between Plaintiffs and Defendant Barnett Outdoors, LLC, the sole remaining Defendant, has yet to commence.

51. In interpreting federal statutes, courts are "to construe the language so as to give effect to the intent of Congress," and "[t]here is no invariable rule for the discovery of that intention." *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 542 (1940). Further, when the plain meaning of statutory language has "led to absurd or futile results…[the Supreme] Court has looked beyond the words to the purpose of the act," and "even when the plain meaning [does] not produce absurd results but merely an unreasonable one plainly at variance with the policy of the

---

[5] Though the *Price* court ultimately followed the rigid approach to Section 1446, it did so after finding that there was "no principled basis to permit the late removal of this case…." *Price v. Messer*, 872 F. Supp. 317, 320 (S.D.W. Va. 1995). Such a principled basis exists here.

10

legislation as a whole this Court has followed that purpose, rather than the literal words." *Id.* (citations and quotations omitted).

52. Because the central purpose behind Section 1446(c)(1)'s one-year deadline is not served by preventing removal in this case, Defendant Barnett Outdoors, LLC should be allowed to do so; the rule should only go so far as the reason leads. *See United Hosp. Ctr., Inc. v. Richardson*, 757 F.2d 1445, 1451 (4th Cir. 1985) (courts should interpret the words of a statute "in light of the purposes the Legislature sought to serve, and arrive at a construction which is most harmonious with the statutory scheme and general purpose.") (citations and quotations omitted).

53. Surely the legislature's decision to compromise a "modest curtailment" of access to diversity jurisdiction where substantial progress has already been made in State court was not intended to strip parties of their right to removal in cases where essentially no progress has been made, and certainly not where such progress has been delayed in no small part due to an unprecedented global pandemic.

54. Equity would be further served by allowing removal when considering the exigent circumstances underlying the relevant delays, none of which can be attributed to Defendants.

55. Defendant Mountain Heritage Outdoors, LLC promptly filed the Motion twenty-four days after being served with process and set it for the next available hearing on April 30, 2020.

56. Yet, due to disruption caused by the COVID-19 pandemic, as well as the aforementioned request of Plaintiffs' counsel, the motion was not heard for another two-and-a-half months.

57. At the July 14, 2020 hearing, defense counsel (for all Defendants) advised both the Circuit Court of Mingo County, West Virginia and Plaintiffs of its intent to remove this case upon

11

the dismissal of Defendant Mountain Heritage Outdoors, LLC and the coming one-year deadline on October 29, 2020.

58. Thereafter, Plaintiffs' counsel engaged in delay tactics designed to prevent removal. (Discussion *supra* at ¶¶28-44).

59. Notwithstanding all of the above, Defendant Mountain Heritage Outdoors, LLC placed before the State court sufficient grounds to dismiss it from the case on October 8, 2020. The court agreed, advising the parties that it was prepared to rule and would do so in approximately 10 days. (Ex. H).

60. Despite the efforts and intentions of the court, however, COVID-19 pandemic issues resurfaced, once again delaying the proceedings, and this time causing the removable event to definitively occur outside the applicable one-year window. (*See* Ex. I)

61. Without any further briefing or substantive communication with the parties, the court dismissed Defendant Mountain Heritage Outdoors, LLC on January 7, 2020, at last rendering the case removable.

62. The Supreme Court of the United States has explained that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

63. Defendants have diligently pursued removal in this case. Defendant Mountain Heritage Outdoors, Inc. promptly filed the Motion after being served with the complaint. In addition, defense counsel specifically advised both the court and Plaintiffs of its intent to remove the action upon the dismissal of Defendant Mountain Heritage Outdoors, Inc. prior to the one-year deadline of October 29, 2020. Until now, however, Defendant Barnett Outdoors, LLC has had no

ability to seek removal of this case as stated in the complaint on the basis of diversity. Within days of the State court entering an order granting the Motion and dismissing Defendant Mountain Heritage Outdoors, Inc., Defendant Barnett Outdoors, LLC files this Notice of Removal.

64. Moreover, if there were ever an "extraordinary circumstance" warranting equitable tolling, it should be found here. Under ordinary circumstances where a global pandemic had not vastly backlogged the judicial system nationwide, a party should be able to expect a determination on its motion to dismiss within nine months of its filing. Even despite Plaintiffs' three-month delay in affecting service, the 60-day period of limited discovery (and discovery abuses) in this case, and Plaintiffs' delay tactics, ruling on the Motion was originally anticipated on October 8, 2020, and then approximately ten days later. A ruling on the Motion in this timeframe would have allowed Defendant Barnett Outdoors, LLC the opportunity to timely and properly remove this case under Section 1446(b)(3). Yet, due to circumstances and issues completely out of Defendant Barnett Outdoors, LLC's control and not attributable to any of its own conduct, the State court did not rule on the Motion until over 11 months after its filing, and outside the one-year window for diversity removal.

65. Denying Defendant Barnett Outdoors, LLC's right to removal under these circumstances is inequitable and inconsistent with the intent and purpose of Section 1446(c).

66. Consequently, this Court should apply equitable tolling to allow removal under Section 1446(b)(3) on the present facts.

67. This Court would not be alone in extending a litigation deadline due to the impact of the COVID-19 pandemic. *See. e.g., Fedynich v. Boulder Hous. Partners*, No. 3:20CV165 (DJN), 2020 WL 5371352, at *7 n. 6 (E.D. Va. Sept. 8, 2020) (declining to dismiss claims for failure to timely serve process and retroactively extending the time for service noting "the unique

circumstances caused by the ongoing COVID-19 pandemic that continues to take a toll on this country and affect all aspects of the judicial system."); *Zamma Canada Ltd. v. Zamma Corp.*, No. 3:20CV353-HEH, 2020 WL 7083940, at *7 (E.D. Va. Dec. 3, 2020) (tolling statute of limitations in light of Virginia's judicial emergency orders in response to COVID-19).

## IV. DIVERSITY JURISDICTION

68. Upon finding that this Notice of Removal is timely, Defendant Barnett Outdoors, LLC's basis for removal to federal court on diversity jurisdiction pursuant to 28 U.S.C. § 1332 is unassailable. There is complete diversity of citizenship between Plaintiffs and Defendant Barnett Outdoors, LLC and on information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

69. For the purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members and/or owners, and complete diversity exists where all of the limited liability company's members are diverse from all parties on the opposing side. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

70. Plaintiffs have alleged that Barnett Outdoors, LLC is a limited liability company with its principle place of business in the State of Florida. (*See* Ex. A at Complaint, ¶11). Defendant Barnett Outdoors, LLC is indeed a single-member limited liability company organized under the laws of the State of Florida. The sole member of Defendant Barnett Outdoors, LLC is Wildgame Innovations, LLC. Wildgame Innovations, LLC is a single-member limited liability company organized under the laws of the State of Louisiana. The sole member of Wildgame Innovations, LLC is Synergy Outdoors, LLC. Synergy Outdoors, LLC is a single-member limited liability company organized under the laws of the State of Louisiana. The sole member of Synergy Outdoors, LLC is Plano Molding Company, LLC. Plano Molding Company, LLC is a single-

member limited liability company organized under the laws of the State of Delaware. The sole member of Plano Molding Company, LLC is Plano Holding LLC. Plano Holding LLC is a single-member limited liability company organized under the laws of the State of Delaware. The sole member of Plano Holding LLC is Plano Synergy Holding Inc. Plano Synergy Holding Inc. is a Delaware corporation. Thus, for the purpose of diversity jurisdiction, Defendant Barnett Outdoors, LLC is a citizen of Delaware.

71. According to the Complaint, Plaintiffs have at all relevant times been residents of Mingo County, West Virginia. (*See* Ex. A at Complaint, ¶2).

72. Complete diversity of citizenship exists in that Plaintiffs are not citizens of the same state as the sole Defendant, Barnett Outdoors, LLC. *See* 28 U.S.C. § 1332(a)(1).

73. Furthermore, while Defendant Barnett Outdoors, LLC denies that Plaintiffs are entitled to any monetary relief whatsoever, it is evident that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. *See* 28 U.S.C. § 1332(a).

74. Though Plaintiffs' Complaint does not specify the amount in controversy, they allege that Plaintiff Troy Jarrell, Jr. sustained permanent injury and disfigurement, past and future physical and mental pain, past and future medical expenses, impairment of earning capacity, and diminution of his ability to enjoy life. (*See* Ex. A at Complaint, ¶16). Plaintiffs' Complaint also alleges that Plaintiff Kimberly Jarrell has suffered damages in her own right because she has helped care for Plaintiff Troy Jarrell, Jr., and has been deprived of the society, consortium, and support of Plaintiff Troy Jarrell, Jr. (*See* Ex. A at Complaint, ¶17).

75. Moreover, Plaintiff claims that as a result of the alleged October 31, 2017 accident, he sustained a serious injury to his left hand. Research of reported verdicts and settlements in cases filed in state or federal courts sitting in West Virginia and involving similarly-described hand

injury reveals that in those cases where a defense verdict was not returned, the amount recovered or awarded exceeded the sum or value of $75,000.00, exclusive of interest or cost. Additionally, in his Complaint, Plaintiff seeks exemplary damages in the nature of both punitive damages and attorney's fees. (*See* Ex. A at Complaint, "WHEREFORE" clause).

76. Further, Plaintiffs previously issued Defendants a demand in this case of $500,000, well in excess of the jurisdictional minimum, which the Court may properly consider in exercising jurisdiction over Plaintiffs' claims. *See Hutchens v. Progressive Paloverde Ins. Co.*, 211 F. Supp. 2d 788, 790 (S.D.W.Va. 2002) ("the preferred practice is to treat the amount requested by the plaintiff in the state court as the amount in controversy.") (citation omitted).

77. Accordingly, this Court has original jurisdiction of this action based on complete diversity of citizenship of the parties under 28 U.S.C. § 1332 and because the amount in controversy, exclusive of interest and costs, is in excess of $75,000. *See* 28 U.S.C. § 1332(a)(1). Furthermore, this action is removable from the State court under the provisions of 28 U.S.C. § 1441 *et seq*.

78. Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing of this document with the United States District Court for the Southern District of West Virginia, Defendant Barnett Outdoors, LLC has filed with the Circuit Court of Mingo County, West Virginia, and have served upon Plaintiffs' counsel a Notice of Removal (attaching a copy of this document) advising the State court and Plaintiffs' counsel that Defendant Barnett Outdoors, LLC has removed this action to the United States District Court for the Southern District of West Virginia.

79. By filing a Notice of Removal in this matter, Defendant reserves the right to assert any defenses and/or objections to which it may be entitled as a matter of law or equity.

WHEREFORE, Defendant, BARNETT OUTDOORS, LLC, respectfully requests that this action be removed from the Circuit Court of Mingo County, West Virginia to this Honorable Court.

Dated: January 14, 2021                                Respectfully Submitted,

                                                        BARNETT OUTDOORS, LLC

                                         BY: *s/ BreiAnne Varner Redd*
                                                    Vaughn K. Schultz, Esq. (WV#10700)
                                                    BreiAnne Varner Redd, Esq. (WV #10894)
                                                    DICKIE, McCAMEY & CHILCOTE, L.C.
                                                    The Wagner Building
                                                    2001 Main Street, Suite 501
                                                    Wheeling, WV  26003
                                                    Phone: 304-233-1022/Fax: 888-811-7144
                                                    E-mail:  vschultz@dmclaw.com
                                                               bredd@dmclaw.com
                                                    and

                                                    Christopher T. Sheean, Esq. (IL#6210018)
                                                    (*admitted pro hac vice*)
                                                    Swanson, Martin & Bell, LLP
                                                    330 N. Wabash Ave., Suite 3300
                                                    Chicago, IL 60611
                                                    Phone:  (312) 222-8559
                                                    Fax:  (312) 321-0990
                                                    Email:  csheean@smbtrials.com

                                                    Attorneys for Defendant, *BARNETT OUTDOORS, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **TROY JARRELL, JR. and** ) | |
| **KIMBERLY JARRELL,** ) | |
|                             ) | |
| **Plaintiffs,** ) | Case No. _____ |
| v.                          ) | |
|                             ) | |
| **BARNETT OUTDOORS, LLC, a** ) | |
| **Florida Corporation, a/k/a BARNETT** ) | |
| **CROSSBOWS,** ) | |
|                             ) | |
| **Defendant.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January, 2021, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Mark H. Mitchell, Esq.
Law Offices of Mark H. Mitchell
30 East Second Avenue
Williamson, West Virginia 25661
*Co-counsel for Plaintiffs*

and

Robert W. Absten
30 East Second Avenue
Williamson, West Virginia 25661
*Co-counsel for Plaintiffs*

>                */s/  BreiAnne Varner Redd*
> Vaughn K. Schultz, Esq. (WV#10700)
> BreiAnne Varner Redd, Esq. (WV #10894)
> DICKIE, McCAMEY & CHILCOTE, L.C.
> The Wagner Building
> 2001 Main Street, Suite 501
> Wheeling, WV  26003
> Phone: 304-233-1022/Fax: 888-811-7144
> E-mail:  vschultz@dmclaw.com
>          bredd@dmclaw.com

and

Christopher T. Sheean, Esq. (IL#6210018)
(*admitted pro hac vice*)
Swanson, Martin & Bell, LLP
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
Phone: (312) 222-8559
Fax: (312) 321-0990
Email: csheean@smbtrials.com

Attorneys for Defendant, *BARNETT OUTDOORS, LLC*